IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GARY L. CUNNINGHAM,**

                **Plaintiff,**

      v.                          CASE NO. 12-3246-SAC

**ED WHEELER, et al.,**

                **Defendants.**

## O R D E R

This matter comes before the court on a form complaint seeking relief under 42 U.S.C. § 1983. Plaintiff proceeds pro se. Having reviewed the documents plaintiff submitted in this matter, the court grants plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also provide facts to establish each defendant's personal participation in the alleged deprivation of plaintiff's constitutional rights. *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir.1996). Although a pro se litigant's pleadings are to be liberally construed, plaintiff retains the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)." [C]onclusory allegations without supporting factual averments are

insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

In the present case, plaintiff broadly alleges a single claim of being denied due process in a 2010 state court proceeding in which the state district court entered a default paternity judgment establishing that plaintiff was the father of minor child, and/or in a 2012 state court proceeding in which the state district court modified and increased plaintiff's child support obligation.[1] The state district court judge in the 2010 proceeding is one of three defendants named in the instant § 1983 action. The complaint includes no allegations concerning an attorney and a state magistrate judge named as the remaining two defendants. Nor does the complaint identify the specific relief being sought.

To the extent plaintiff seeks to challenge either the 2010 paternity determination, or the 2012 modification of plaintiff's child support obligation, plaintiff must pursue remedies within the state courts as provided under state law. Additionally, relief in federal court is barred by the *Rooker-Feldman* doctrine,[2] which "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the [federal] district court proceedings commenced." *Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 787 (10th Cir.2008)(citation omitted).

Finding no cognizable constitutional claim is presented for purposes of proceeding under § 1983, and finding it would be futile

---

[1] Plaintiff states only that he was unable to appear in the 2010 proceeding because he was confined in the Geary County Jail at the time, and jail officials did not allow or cause him to personally appear in that paternity proceeding. Plaintiff also documents a 2001 order entered by a family court in Missouri, finding plaintiff and the mother of the minor child were unfit or unavailable parents.

[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

to allow plaintiff an opportunity to amend the complaint to cure this identified deficiency, the court concludes the complaint should be summarily dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 29th day of January 2013 at Topeka, Kansas.

    s/ San A, Crow
SAM A. CROW
U.S. Senior District Judge